# EXHIBIT A

# Complaint

# EXHIBIT A

Electronically Filed
11/13/2020 12:22 PM
Steven D. Grierson
CLERK OF THE COURT

Burke Huber (SBN 10902)
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
burke@richardharrislaw.com

Attorneys for Plaintiff Rita Leger, individually, Raymond Allen, individually, Diyana Valkanova, individually, Christine Chenh, individually, Anthony Dich, individually, Felicidad Riter and on behalf of other members similarly situated

CASE NO: A-20-824753-C
Department 22

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RITA LEGER, individually, RAYMOND ALLEN, individually, DIYANA VALKANOVA, individually, CHRISTINE CHENH, individually, ANTHONY DICH, individually, FELICIDAD RITER, individually and on behalf of other members of the general public similarly situated,<br><br>**Plaintiff,**<br><br>v.<br><br>LANDRY'S INC. dba GOLDEN NUGGET, and DOES 1 through 25,<br><br>**Defendants.** | CASE NO.:<br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FAILURE TO PAY MINIMUM WAGE (FLSA)**<br>2. **FAILURE TO PAY MINIMUM WAGE (NRS §608.250 ET. SEQ.)**<br>3. **WILLFUL FAILURE TO PAY WAGES DUE (NRS §608.020 ET. SEQ., NRS §608.190)**<br>4. **UNLAWFUL TAKING OF TIPS (NRS §608.160, et. seq.)**<br>5. **BREACH OF EMPLOYMENT CONTRACT – RE: TIPS**<br>6. **UNJUST ENRICHMENT**<br><br>**Exempt from Arbitration**<br>**Significant Issues of Public Policy**<br>**And Declaratory Relief** |

## GENERAL ALLEGATIONS

Plaintiffs Rita Leger, Raymond Allen, Diyana Valkanova, Christine Chenh, Anthony Dich, Plaintiff Riter (hereinafter referred to collectively as "Plaintiffs"), individually and on behalf of all other persons similarly situated allege as follows:

1. Plaintiffs are residents of the State of Nevada. Plaintiffs performed the work that is the subject of this Complaint in Clark County, State of Nevada.

**1**
**CLASS ACTION COMPLAINT FOR DAMAGES**

2. At all times mentioned in this Complaint Plaintiffs are informed and believe, and thereon allege, that Defendant Landry's Inc. (herein after referred to as "Defendant") is a corporation doing business as the Golden Nugget in Clark County, State of Nevada.

3. Plaintiffs are unaware of the true names and capacities of those Defendants sued as Does 1 through 25.  Plaintiffs will amend this Complaint when those names and capacities become known.  On information and belief, each of the Defendants, including Doe Defendants, are the agents, employees, representatives, or co-conspirators of each of the other Defendants, and in engaging in the conduct alleged herein, did so in furtherance of such relationship.

4. Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

## CLASS ALLEGATIONS

5. Plaintiffs and other similarly situated class members re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 4, inclusive, as though fully set forth herein.

6. Plaintiffs are informed and believe, and thereon allege, that they are the members of the class they represent. Plaintiffs were employed by Defendants as hourly workers. Plaintiff Leger commenced her employment 2005.  Plaintiff Allen commenced his employment in 2000. Plaintiff Valkanova commenced her employment in 2015. Plaintiff Chenh commenced her employment in or around 1999. Plaintiff Dich commenced his employment in 2005. Plaintiff Riter commenced her employment in or around 2007.

7. Plaintiffs bring this action as a class action pursuant to 29 U.S.C. §216(b) and NRCP 23.  The classes that Plaintiffs represent is defined as: all current and former hourly paid workers employed by Defendant in the state of Nevada within the applicable statute of limitations.

8. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the 29 U.S.C. §216, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable:

///

a. <u>Numerosity</u>: The Plaintiff Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and thereon allege, that there are over 2000 current and former hourly paid workers employed by Defendants that failed to receive proper overtime, received improper and false paycheck stubs, failed to receive all wages at discharge, and failed to receive all minimum wages for all hours worked.

b. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

    i. Whether Defendants are subject to *Fair Labor and Standards Act*;

    ii. Whether Defendants violated *Federal and State minimum wage laws*;

    iii. Whether Defendants failed to pay wages when due;

    iv. Whether Defendants failed to pay tips in violation of NRS § 608.160;

    v. Whether Defendants failed to pay tips pursuant to an employment agreement;

    vi. Whether Plaintiffs and the Class have sustained damages and, if so, what is the proper measure of them;

    vii. Whether Defendants owed Plaintiffs and the Class damages pursuant to NRS §608.050;

    viii. Whether class members and Plaintiff s previously worked or currently work for Defendants within the applicable statute of limitation.

///

**3**
**CLASS ACTION COMPLAINT FOR DAMAGES**

    c.    <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and the members of the class sustained damages arising out of Defendants' common practice of failing to pay all minimum wages for all hours worked, failing to pay all wages due at termination, failing to pay tips, and breaching an employment agreement to pay tips. Plaintiff  and the class members' claims are based on the same legal theories, particularly *federal and state minimum wage laws*.

    d.    <u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the members of the class.  Plaintiffs have no interest that is adverse to the interests of the other class members.

    e.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of the adjudication of such individual litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

    f.    <u>Public Policy Consideration</u>:  Employers throughout the state violate wage and hour laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful

**4**
**CLASS ACTION COMPLAINT FOR DAMAGES**

of bringing actions because they perceive their former employers can blacklist them in their future endeavors through negative references. Class actions provide the class members who are not named on the Complaint with a type of anonymity that allows for vindication of their rights.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wage**
**(FLSA)**

9. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. Plaintiffs are informed and believe, and thereon allege that at all times relevant to their employment by Defendants, *FLSA laws* were in full force and effect and binding upon Defendants. These statutes required Defendants to pay to Plaintiffs and class members one-and- federal minimum wage for all hours worked.

11. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members often worked but were not paid for the time worked.

12. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members failed to receive their pay for hours worked pursuant to minimum wage laws.

13. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated class members are entitled to recover unpaid wages, interest, liquidated damages, and reasonable attorney's fees and costs as provided for by law.

**SECOND CAUSE OF ACTION**
**Failure to Pay Nevada State Minimum Wage**
**(Violation of *NRS §608.250, et. seq.*)**

14. Plaintiffs re-allege and incorporates by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as though set forth fully herein.

15. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members often worked but were not paid for the time worked.

16. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other
**5**
**CLASS ACTION COMPLAINT FOR DAMAGES**

similarly situated class members failed to receive their pay for hours worked pursuant to minimum wage laws.

17. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and other similarly situated class members failed to receive their pay for hours worked pursuant to minimum wage laws.

18. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated class members are entitled to recover unpaid wages, liquidated damages, interest, and reasonable attorney's fees and costs as provided for by law.

### THIRD CAUSE OF ACTION
**Failure to Pay Wages Upon Termination**
**(Violation of *NRS §§608.020 et. seq., 608.190, et. seq.* )**

19. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. At all times mentioned in this Complaint *Nevada Labor Codes §§ 608.020 et. seq., 608.190, et. seq*. were in full force and effect and binding on Defendants. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

21. Plaintiffs are informed and believe, and thereon allege, that Defendants refused and/or willfully failed to pay all wages owed to Plaintiffs and class members at the time of discharge, including minimum wages, tips owed, and liquidated penalties.

22. As a result of Defendants' violation of *Nevada Labor Codes*, Plaintiffs and similarly situated class members are entitled to penalties under *Nevada and Federal Law*, which provides that upon violation, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

/ / /

/ / /

/ / /

**FOURTH CAUSE OF ACTION**
**Unlawful taking of Tips**
**(Violation of *NRS* § 608.160 et. seq.)**

23. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 22, inclusive, as though set forth fully herein.

24. Plaintiffs are informed and believe, and thereon allege, that *NRS* § 608.160 was in full force and effect and binding on Defendants at all times mentioned herein. Said section requires that employers to pay employees tips earned.

25. Plaintiffs and similarly situated class members are therefore entitled to recover the unpaid tips, interest thereon, and reasonable attorney's fees and costs as provided for by law.

**FIFTH CAUSE OF ACTION**
**(Breach of Employment Agreement – Re: Tips)**

26. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. At all times herein mentioned, Defendants agreed to pay "tokes" or tips pursuant to contract that was in full force and effect and binding upon Defendants. Said contractual agreement, required Defendants to pay tokes to employees per the "Toke Agreement."

28. Defendants failed to pay Plaintiffs and similarly situated class members the tokes owed to them pursuant to agreement.

29. As a direct result of the actions of Defendants as alleged above, Plaintiffs and similarly situated class members suffered damages.

30. As a direct result of the actions of Defendants as alleged above, Plaintiffs and similarly situated class members are therefore entitled to recover the unpaid tips, interest thereon, and reasonable attorney's fees and costs as provided for by law.

**SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**

31. Plaintiffs re-allege and incorporate by reference each and every allegation contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. At all times herein mentioned, Defendants agreed to pay pursuant to contract that

was in full force and effect and binding upon Defendants.

33. Defendants failed to pay Plaintiffs and similarly situated class members pursuant to agreement.

34. Defendants unjustly retained the money of Plaintiffs against fundamental principles of justice or equity and good conscience.

35. As a direct result of the actions of Defendants as alleged above, Plaintiffs and similarly situated class members suffered damages.

36. As a direct result of the actions of Defendants as alleged above, Plaintiffs and similarly situated class members are therefore entitled to recover the unpaid tips, interest thereon, and reasonable attorney's fees and costs as provided for by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf, and on behalf of other members of the general public similarly situated, pray for judgment against Defendants as follows:

1. Judgment against Defendants for all unpaid wage damages owed to Plaintiffs and class members in excess of $15,000;

2. Judgment against Defendants for liquidated damages owed to Plaintiffs and class members in excess of $15,000;

2. Judgment against Defendants for pre-judgment interest, in excess of $15,000;

3. Judgment against Defendants for reasonable attorney's fees and costs;

4. Judgment against Defendants for all waiting time penalties according to proof;

5. Compensatory Damages in excess of $15,000;

6. Special Damages in excess of $15,000;

7. Declaratory relief and such other relief as the Court deems appropriate and just.

Dated: November 13, 2020,  /s/*Burke Huber*

Burke Huber
RICHARD HARRIS LAW FIRM
Attorney for Plaintiffs
individually, and on behalf
of other members of the general
public  similarly situated

**8**
**CLASS ACTION COMPLAINT FOR DAMAGES**