# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RITA LEGER, et al., <br>         Plaintiffs, <br>v. <br>LANDRY'S INC., et al., <br>         Defendants. | Case No.: 2:20-cv-02274-RFB-NJK <br> **ORDER** <br> [Docket No. 60] |

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 60. The parties request a 120-day extension of the deadlines in the scheduling order. *Id.* at 4.

As outlined in the Court's previous order, Docket No. 59, a request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension, which turns on whether those deadlines cannot reasonably be met despite the diligence of the party or parties seeking the extension. Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992). If the request includes an expired deadline, the request must also be supported by a showing that failing to meet the deadline to request an extension was the product of excusable neglect. Local Rule 26-3.

The parties base their request in part on medical events that occurred in September 2021, for which the Court has great sympathy. The bulk of the request, however, is based on Plaintiffs' counsel's busy case load, which led to careless review of proposed filings. Docket No. 60 at 2-3. The Court is not persuaded that this reason constitutes good cause or excusable neglect. An attorney overcommitting himself by filing too many lawsuits is not a valid justification for seeking extensions. *See Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 66785, at *2 (D. Nev. May 19, 2015); *see also Olesczuk v. Citizens One Home Loans*, 2016 U.S. Dist. Lexis 153342, at *6 n.3 (D. Nev. Nov. 4, 2016) ("Of course, counsel must also strive to ensure that they are not

taking on a caseload beyond what they are prepared to handle within the deadlines set by the Court"). Likewise, carelessness does not constitute good cause, let alone excusable neglect. *See Johnson*, 975 F.2d at 609.

Nonetheless, as a one-time courtesy, the Court **GRANTS** the parties' request. Docket No. 60. Accordingly, deadlines are **RESET** as follows:

- Discovery Cut-off: June 7, 2022
- Initial Expert Disclosure: April 8, 2022
- Rebuttal Expert Disclosure: May 9, 2022
- Rule 23 Class Certification Deadline: July 22, 2022
- Deadline to Oppose Rule 23 Motion: August 22, 2022
- Reply Brief to Rule 23 Response: September 22, 2022
- Dispositive Motions: July 22, 2022
- Joint Proposed Pretrial Order: August 22, 2022, 30 days after resolution of dispositive motions, or further Court order.

The Court is not inclined to grant further extension requests.

IT IS SO ORDERED.

Dated: December 21, 2021

Nancy J. Koppe
United States Magistrate Judge

2