**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RITA LEGER, individually, RAYMOND ALLEN, individually, DIYANA VALKANOVA, individually, CHRISTINE CHENH, individually, ANTHONY DICH, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LANDRY'S INC. dba GOLDEN NUGGET, and DOES 1 through 25,<br><br>Defendants. | Case No. 2:20-cv-02274-RFB-NJK<br><br>**ORDER TO CONTINUE CERTAIN DEADLINES SET FORTH IN THE DISCOVERY PLAN AND SCHEDULING ORDER (ECF NO. 61)**<br><br>**(SECOND REQUEST)** |

Defendant, through its counsel Jackson Lewis P.C., Kirsten Milton, and Plaintiffs, through counsel Burke Huber, at the Van Law Firm, pursuant to Local Rule 26-3, submit this Stipulation and Order to Continue Certain Deadlines Set Forth in the Discovery Plan and Scheduling Order (ECF No. 61).

The parties do not submit this Stipulation lightly as they each and collectively understand that discovery has been ongoing in this case and are aware of the Court's December 21, 2021 Order, in which the Court granted the parties' request acknowledging that the "bulk of the request . . . is based on Plaintiffs' counsel's busy case load," but "as a one-time courtesy," the Court would grant the parties' request. ECF No. 61. The parties are also aware that the Court "is not inclined to grant further extension requests," *Id*., but believe that, in this instance, good cause exists to modify the case schedule as proposed below because otherwise Defendant's defense of the case will be severely prejudice and, it will otherwise be punished for its willingness to extend Plaintiffs professional courtesies in light of the personal and professional issues that have arisen during the course of the litigation. Therefore, in an effort to cooperate and ensure that each party has sufficient time to complete discovery, the parties submit this Stipulation and seek the Court's indulgence for an extension of certain deadlines.

An extension of relevant deadlines is needed so that Plaintiff may conduct additional depositions, as well as obtain additional, relevant documents from Defendant related to the collection of vacation tokes. Moreover, Defendant needs the opportunity to conduct additional written and oral discovery of the named and opt-in plaintiffs, which it, unfortunately, has been unable to do over the last two months due to Plaintiffs' counsel's schedule. Specifically, on February 8, 2022, Defendant's counsel offered the week of February 28, 2022 for the depositions of Defendant's witnesses, Sherri Vaughan, Former GNLV Vice President of Human Resources, and Jason Sides, GNLV's Vice President of Casino Operations. At that same time, Defendant's counsel offered times on February 16, 17, and 21, 2022 for her to conduct a telephone interview of Plaintiff Leger. On Plaintiffs' counsel's suggestion, he offered to present his client informally for an interview about her claims and Defendant's counsel took him up on the opportunity. Unfortunately, Defendant's counsel did not hear back from Plaintiffs' counsel, and, on February 18, 2022, followed up to schedule the above interview and depositions. On February 22, 2022, Plaintiffs' counsel informed Defendant's counsel that due to the unfortunate passing of one of his firm's attorneys, it had been "all hands on deck." He stated that he could not go forward with the depositions on February 28, 2022, but was available on March 2 and 3, 2022. Due to commitments

in other matters, including issues related to travel arrangements, the parties scheduled and conducted the depositions of Ms. Vaughan and Mr. Sides on March 16, 2022. On February 28, 2022, Plaintiffs' counsel also gave Defendant's counsel the opportunity to interview telephonically Ms. Leger about her claims.

On March 17, 2022, Defendant asked to conduct Ms. Leger's deposition on March 29, 2022, and explained that, based on her interview of Ms. Leger on February 28, she thought the parties should discuss the claims as alleged and whether Plaintiffs were willing to drop one of the claims. From Defense counsel's perspective, whether Plaintiffs continued to pursue the particular claim significantly impacted the scope of discovery – i.e., if Plaintiffs dropped the claim, the scope of discovery would be significantly limited – and Defendant would likely not need to pursue the same amount of written or oral discovery, making the litigation of the claims as efficient as possible. That same day, Defendant's counsel also asked Plaintiffs' counsel to provide her with the complete list of individuals who opted in to the lawsuit, so that Defendants could issue written discovery and decide which individuals to depose. The opt-in notice period closed on March 19, 2022. On March 22, 2022, Defendant's counsel asked for the final opt-in list. On March 25, 2022, Plaintiffs provided Defendant with an incomplete list of the opt-ins, explaining that Plaintiffs were still "going through the mail from last week." Since then, Defendant has made repeated requests for the final and complete opt-in list, but, unfortunately, as of the date of this filing, still does not have the final list. Without that final list, Defendant is unable to decide from which individuals it will seek to pursue discovery – e.g., in the parties Amended Joint Discovery Plan and Scheduling Order, ECF No. 51, the parties agreed that Defendant could "take the depositions of up to 25 individuals who opt in to the collective action; however, if more than 100 individuals opt in to the collective action, Defendant shall be entitled to depose 25 of those individuals who opt in." Plaintiffs' delay in providing this final list has hindered Defendant's ability to make informed and strategic decisions about the discovery it needs to pursue.

Moreover, with respect to Ms. Leger's deposition, due to a previously scheduled trial, Plaintiffs' counsel was unavailable on March 29, 2022 and asked for proposed dates in April, but did not respond to Defendant's counsel's inquiry regarding the scope of the claims. After going back and forth on dates, on April 1, 2022, Defendant confirmed Ms. Leger's deposition for April 14, 2022 and the deposition of Defendant's witness, Kim McCulley, for April 15, 2022. Because counsel for Defendant had to book travel arrangements for the depositions, on April 4, 2022, she asked counsel for Plaintiffs to confirm the dates one last time. On April 8, 2022, Plaintiffs' counsel informed defense counsel that he had an emergency and needed to reschedule the depositions scheduled for the following week. That same day, Defense counsel asked for dates of availability for the next two weeks to reschedule the deposition (except for Mondays, Defendant's counsel offered anytime the weeks of April 18 and 24, 2022). When Defendant's counsel did not hear back, on April 11, 2022, Defendant's counsel followed up and asked Plaintiffs' counsel to confirm availability.

Understanding Plaintiffs' counsel was likely dealing with the previously-referenced emergency and hoping the parties could resolve the issues with having to unnecessarily involve the Court, Defendant's counsel followed up on April 21, 2022 again asking where the parties stood on all outstanding issues – i.e., opt-in collective list, scope of claims, Plaintiff Leger's deposition, and deposition of Mr. McCulley – and when it could expect a response. On April 23, 2022, Plaintiffs' counsel emailed Defendant's counsel, apologized for his delayed response, explained he was in the process of changing firms, and asked if the parties could speak the next week. Almost immediately, Defendant's counsel responded and agreed the parties needed to talk the following week. Defendant's counsel did not hear from Plaintiffs' counsel the following week, therefore, on May 3, 2022, Defendant's counsel sent Plaintiffs' counsel another email asking to schedule a call. On May 4, 2022, Plaintiffs' counsel called Defendant's counsel and left a voice message. That same day, Defendant's counsel called Plaintiffs' counsel back and left a voice message. On May 5, 2022, Defendant's counsel sent Plaintiffs' counsel an email saying that she wanted to speak that afternoon. The parties spoke on May 5, 2022. Plaintiffs' counsel stated he would confirm the final opt-in list, stated that Plaintiffs were not willing to drop the claim Defendant had been asking about,

4

and agreed that, at this juncture, the parties would need to ask the Court to modify the current case schedule. Recognizing the delays have impeded Defendant's ability to build its defense, and the strain amended case schedules put on the Court's case load, on May 6, 2022, the parties agreed to seek the Court's approval for the below modified case schedule, attempting to minimize the overall changes as much as possible.

## AMENDED PROPOSED DISCOVERY SCHEDULE

**I.   Discovery Completed to Date and Notice to the Conditionally Certified Collective Members**

1. On October 18, 2021, Defendant turned over the list of names and contact information of the conditionally certified class members.

2. On November 8, 2021, Plaintiffs' counsel reached out to CPT Group for an estimate on the cost of sending out notice to the conditionally certified class members. That same day, Plaintiffs received a quote on the price for notice.

3. On January 18, 2022, CPT sent notice to the conditionally certified class members.

4. The notice period closed on March 19, 2022.

5. On February 28, 2022, Defendant interviewed Plaintiff Leger about her claims.

6. On March 16, 2022, Plaintiffs conducted the depositions of Defense witnesses Ms. Vaughan and Mr. Sides.

7. The parties have exchanged initial and supplemental disclosures, as well as written discovery and responses. Plaintiffs' additional written responses are currently due on May 13, 2022. Defendant also has agreed to produce additional documents related to vacation toke allocations to Plaintiffs.

**II.   Discovery Left to be Completed and Additional Acknowledgments**

1. Named Plaintiffs will provide responses to written discovery requests on May 13, 2022.

2. Defendant will provide documents related to the calculation of vacation tokes on or on May 10, 2022.

3.  Plaintiffs need to take the deposition of Kim McCulley and potentially other Defense witnesses.

4.  Defendant needs to take the depositions of the named Plaintiffs and, as soon as it has the final list of the opt-in collective members, issue written and oral discovery consistent with the parties' previously agreed upon discovery parameters, ECF No. 51.

**Proposed New Dates**

| Event | Current Date | Proposed New Date |
|---|---|---|
| Discovery Cut-Off | June 7, 2022 | Plaintiffs' Deadline: July 7, 2022<br><br>Defendant's Deadline: August 22, 2022 |
| Initial Expert Disclosure | April 8, 2022 | No change |
| Rebuttal Expert Disclosure | May 9, 2022 | No change |
| Rule 23 Class Certification Deadline | July 22, 2022 | No change |
| Deadline to Oppose Rule 23 Motion for Class Certification | August 22, 2022 | September 22, 2022 |
| Reply Brief to Defendant's Opposition | May 25, 2022 | October 24, 2022 |
| Deadline for Dispositive Motions | July 22, 2022 | October 21, 2022 |
| Oppositions to Dispositive Motions | August 22, 2022 | November 21, 2022 |
| Reply Briefs to Oppositions to Dispositive Motions | September 22, 2022 | December 21, 2022 |
| Pre-Trial Order | August 22, 2022 | November 16, 2022, or 30 days after resolution of dispositive motions or further Court order |

5. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(6)(7), Plaintiffs certify that they have met and conferred with Defendant about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and neutral evaluation. The parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close of discovery.

6. **Alternative Forms of Case Disposition:** In compliance with Local Rule 26-1(b)(8), the parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

7. **Electronic Evidence.** The parties anticipate presenting evidence in an electronic format to jurors for the purposes of jury deliberations. The parties propose that any electronic evidence will be reduced to searchable PDF documents, to the extend practicable, in compliance with the Court's requirements for the electronic jury display evidence system.

8. **Later Appearing Parties:** A copy of this discovery plan and scheduling order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

9. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-3, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

10. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

///
///
///
///
///

11. This is the second request to extend and amend the discovery order.

Dated this 9th day of May, 2022.

| VAN LAW FIRM | JACKSON LEWIS P.C. |
|---|---|
| */s/ Burke Huber* | */s/ Kirsten A. Milton* |
| Burke Huber, Bar No. 10902 | Kirsten A. Milton, Bar No. 14401 |
| 1290 S. Jones Blvd. | 300 S. Fourth Street, Ste. 900 |
| Las Vegas, Nevada 89146 | Las Vegas, Nevada 89101 |
| *Attorney for Plaintiffs* | *Attorneys for Defendant Landry's Inc.* |

**ORDER**
**NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

_____
Nancy J. Koppe
United States Magistrate Judge

Dated: May 10, 2022.