# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RITA LEGER, et al.,

    Plaintiffs,

v.

LANDRY'S INC., et al.,

    Defendants.

Case No.: 2:20-cv-02274-CDS-NJK

**ORDER**

[Docket No. 67]

Pending before the Court is Plaintiffs' motion to extend their discovery deadline. Docket No. 67. Plaintiffs ask the Court to extend their discovery deadline to August 22, 2022. *Id.* at 1-2. The Court has considered Plaintiffs' motion, Defendant's response, and Plaintiffs' reply. Docket Nos. 67, 69, 70. This matter is properly resolved without a hearing. *See* LR 78-1.

A request to extend deadlines in the Court's scheduling order filed within twenty-one days of the deadline the party seeks to extend must be supported by a showing of good cause for the extension. Local Rule 26-3; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" inquiry focuses mainly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court agrees with Defendant that Plaintiffs were required to meet and confer prior to filing the motion to extend. *See, e.g.*, Docket No. 69 at 13. Nonetheless, as the deadline is fast approaching, the Court exercises its discretion to address this motion on its merits.

Plaintiffs ask for an extension of their discovery deadline because Plaintiffs' counsel moved law firms during the pendency of this litigation and is scheduled for two trials during the month of June. Docket No. 67 at 2-3. Plaintiffs also submit that their counsel was ill for one week

1

in May and that Defendant's counsel has indicated that she will be on vacation for one week at the end of June. *Id.* [1] An attorney's busy workload is not a good reason for failing to meet court ordered deadlines and does not establish good cause for the purposes of extending the discovery scheduling order. *See McIntyre v. Nevada*, 2022 U.S. Dist. LEXIS 45127, at *2-3 (D. Nev. Mar. 10, 2022) (internal citations omitted); *Garcia v. Servs. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.6 (D. Nev. 2019); *Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. LEXIS 72697, at *3 (D. Nev. June 3, 2015). Plaintiffs proffer no facts to establish that they have been diligent in discovery up until this point. Instead, both parties' submissions make it abundantly clear that Plaintiffs' counsel has unnecessarily delayed the discovery process by allowing himself to become overburdened. *See, e.g.*, Docket Nos. 67 at 9-10; 69 at 7-24; 70 at 8-9.

The Court already expressed its concerns about the length of discovery in the instant case, granting the parties' prior stipulation to extend discovery but warning the parties that "**NO FURTHER EXTENSIONS WILL BE GRANTED**." Docket No. 65 at 8 (emphasis in original). Plaintiffs have failed to establish good cause for their requested extension. However, as one final courtesy, the Court will **GRANT in part** Plaintiffs' request and extend their discovery deadline by two weeks to provide slightly more time for Plaintiffs' remaining depositions and to account for Plaintiffs' counsel's illness and Defendant's counsel's vacation. Plaintiffs' discovery cutoff is **EXTENDED** to July 21, 2022. All other deadlines set forth in Docket No. 65 remain operative. Plaintiffs must diligently conduct discovery during this period. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

IT IS SO ORDERED.

Dated: June 28, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court finds no merit in Plaintiffs' submission that the deadline should be extended to the same time as Defendant's deadline because it is unfair to Plaintiffs to have an earlier cut-off date. *See, e.g.*, Docket No. 67 at 5. The parties have differing discovery cut-off dates as a result of the parties' own stipulation which was necessary, in large part, due to Plaintiffs' counsel's busy workload and non-responsiveness to discovery obligations. *See* Docket No. 64.